**GROVE PRESS, INC., a New York corporation, Plaintiff,**

**v.**

**Donald C. BROCKETT, individually, and as County Prosecutor of the County of Spokane, State of Washington, Edward W. Parsons, individually, and as Chief of Police of the City of Spokane, County of Spokane, State of Washington, William J. Reilly, individually, and as Sheriff of the County of Spokane, State of Washington, and Thomas O'Brien, individually, and as Police Inspector for the City of Spokane, County of Spokane, State of Washington, Defendants.**

**No. 3300.**

United States District Court,
E. D. Washington, N. D.

April 1, 1970.

Erickson & Worthington, Spokane, Wash., Stanley Fleishman, Hollywood, Cal., for plaintiff.

Richard F. Wrenn, Deputy Prosecuting Atty., Spokane, Wash., for defendants Prosecuting Attorney and Sheriff.

Norman dePender, Corp. Counsel, Spokane, Wash., for defendants Chief of Police and Police Inspector.

Before WRIGHT, Circuit Judge, and BOLDT and GOODWIN, District Judges.

OPINION OF THE COURT

PER CURIAM.

Section 9.68.010 of the laws of the State of Washington provides in part:

"9.68.010 Obscene literature, shows, etc.

Every person who—

"(1) Having knowledge of the contents thereof shall exhibit, sell, distribute, display for sale or distribution, or having knowledge of the contents thereof shall have in his possession with the intent to sell or distribute any book, magazine, pamphlet, comic book, newspaper, writing, photograph, motion picture film, phonograph record, tape or wire recording, picture, drawing, figure, image, or any object or thing which is obscene; or

"(2) Having knowledge of the contents thereof shall cause to be performed or exhibited or shall engage in the performance or exhibition of any show, act, play, dance or motion picture which is obscene;

"Shall be guilty of a gross misdemeanor."

The plaintiff is the nationally-licensed distributor of a Swedish film entitled "I Am Curious–Yellow". Some time prior to September 3, 1969, the plaintiff entered into an agreement with National General Corporation which granted National General license to exhibit the above film at the Fox Theatre, located at 1005 West Sprague Avenue, Spokane, Washington. Part of the agreement provided that the film was to be shown to adults only, and the facts show that the showings were so limited with an enforcement official stationed in the front of the theater to check the age of any questioned individual. The record does not show that any individual was in fact questioned, but for purposes of this action, it will be assumed that the film was not in fact exhibited in the presence of any person not an adult.

On September 3, 1969, some of the defendants viewed the film during an exhibition at the Fox Theatre. After the viewing, they went to the projection booth and arrested the operator, the manager of the theater, and seized the film. Criminal prosecutions were instituted against the arrested persons.

Upon hearing of the above developments, the plaintiff sent another print of the film to the Fox Theatre and showings were again made.

Prior to September 19, 1969, the defendants filed a motion for a determination that the film, "I Am Curious–Yellow" was subject to seizure. A show cause hearing was held on September 19, 1969. At that hearing, the Judge of the Superior Court of the State of Washington for Spokane County held that the film was not subject to seizure merely because it was obscene because the provisions of R.C.W. ch. 7.42 (which provides a procedure for determining if a motion picture is obscene) had not been complied with, but further held that the Prosecuting Attorney was entitled to take items of evidence incident to a lawful arrest.

The plaintiff then began this action in this Court to enjoin the actions of the defendants in relation to the subject film on the grounds that R.C.W. § 9.68.010 is unconstitutional.

When read in the light of Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1956), the obscenity statute contained in R.C.W. § 9.68.010 is constitutional.

Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 does not erode Roth sufficiently to aid the plaintiff in this case.

Plaintiff made the same request in re enjoining the State proceedings instituted by the defendants by application to the Supreme Court of the United States after said request had been denied by one of the Judges of this Court. The Supreme Court of the United States refused relief to plaintiff. 396 U.S. 882, 90 S.Ct. 170, 24 L.Ed.2d 158.

For these reasons, the relief requested by plaintiff is denied.

WRIGHT, Circuit Judge (dissenting):

It appears to me that the problem posed by this case has been eliminated by the Washington legislature. R.C.W. 9.68.50–9.68.120, enacted at the 1969 Extraordinary Session, created a new offense of distributing erotic material to minors. "Erotic material" was carefully defined to comply with the Supreme Court's decision in Ginsberg v. New York, 390 U.S. 629, 88 S.Ct. 1274, 20 L. Ed.2d 195 (1967), and considerable procedural safeguards were built in to protect the distributor. R.C.W. 9.68.120 specifically provided that the provisions of the 1969 Act should be "exclusive."

Under the circumstances, I think we must construe the 1969 Act as having repealed the statute under which this prosecution was brought. To do otherwise is to deny all meaning to the word "exclusive," and to assume, contrary to common sense and public policy, that the legislature intended to erect obstacles to the prosecution of those who pander to children even greater than those which hinder prosecution of the man who sells to adults.

If I am right in my construction of Washington law, then to decide the validity of the statute before us is to render a purely advisory opinion on a mooted question. In any event, since resolution of the state-law question, possible in a single state-court prosecution, *cf.* Dombrowski v. Pfister, 380 U.S. 479, 491–492, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), would perhaps make unnecessary the decision of a difficult constitutional issue, *cf.* Karalexis v. Byrne, 306 F. Supp. 1363 (D. Mass. 1969), I believe abstention is the proper course. Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

I would therefore refrain from deciding this case, but retain jurisdiction pending state-court determination of the state-law question.